UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUTER AND ENGINEERING
SERVICES, INC., et al.,

           Plaintiffs,           Civil Action No.
                                                 12-CV-15611

vs.

                                                 Honorable Patrick J. Duggan

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

           Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIMS**

On December 21, 2012, Plaintiffs Computer and Engineering Services, Inc. and C.E.S., Inc. and Trillium Staffing Welfare Benefit Plan filed this lawsuit – one of numerous nearly identical civil actions filed in this District – against Defendant Blue Cross Blue Shield of Michigan ("BCBSM") alleging violations of state and federal law arising out of BCBSM's administration of Plaintiffs' self-funded employee health benefit plans. Specifically, Plaintiffs allege that BCBSM has for years been charging hidden administrative fees ("Disputed Fees"), in addition to the disclosed contractual fees, for administering Plaintiffs' plans. Plaintiffs contend that, by charging the Disputed Fees, BCBSM violated the Employee Retirement Income Security Act of 1974 ("ERISA") (Counts I and II) and Michigan law

(Counts III-IX). The claims arising under Michigan law were dismissed as preempted by ERISA. *See Computer & Eng'g Servs., Inc. v. Blue Cross Blue Shield of Mich.*, No. 12-CV-15611, 2013 WL 1976234, at *5 (E.D. Mich. May 13, 2013).

A bench trial was held before the Honorable Victoria A. Roberts in one of the related actions. Judge Roberts ruled in favor of the plaintiffs in that case and against BCBSM, awarding the plaintiffs more than five million dollars, plus costs, interest, and attorney fees. *See Hi-Lex Controls, Inc. v. Blue Cross & Blue Shield of Mich.*, No. 11-CV-12557, 2013 WL 2285453 (E.D. Mich. May 23, 2013). Judge Roberts concluded, among other things, that BCBSM: (1) "suppl[ied] false and misleading information to Plaintiffs about the nature and extent of the Disputed Fees," *id.* at *22, (2) "engaged in knowing misrepresentations and omissions of Disputed Fees in the contract documents," *id.* at *27, (3) "actively concealed [its] knowing misrepresentations and omissions in the contract documents in order to allay Plaintiffs' suspicion and prevent inquiry into Disputed Fees," *id.* at *29, and (4) "exhibited bad faith" by assessing and concealing the Disputed Fees. *Id.* at *30. In sum, Judge Roberts concluded that "BCBSM violated ERISA's prohibition against self-dealing," "breached its fiduciary duties," and "engaged in fraud and concealment to hide its violations from Plaintiffs." *Id.*

Shortly after Judge Roberts issued her ruling in *Hi-Lex*, BCBSM filed what it calls "conditional counterclaims" in the present case. BCBSM alleges that if it violated ERISA by collecting the Disputed Fees, Plaintiffs also violated ERISA because they "negotiated, knew about, and benefitted from [their] payment of the Disputed Fees." BCBSM Resp. to Pls.' Mot. to Dismiss Counterclaims at 2-3 (ECF No. 39). Through its counterclaims, BCBSM seeks contribution and indemnification from Plaintiffs.

BCBSM appealed Judge Roberts' decision in *Hi-Lex*. At the request of BCBSM, this Court stayed the present lawsuit pending the appeal. In advocating for the stay, BCBSM argued persuasively that the complaint in the present case is "essentially identical" to the complaint in *Hi-Lex* and that the outcome of the present case "will likely be controlled by the outcome of . . . *Hi-Lex*." BCBSM Mot. to Stay at 1 (ECF No. 33).

On appeal, the Sixth Circuit affirmed Judge Roberts' decision in *Hi-Lex*. In pertinent part, the Sixth Circuit agreed with Judge Roberts that, by charging the Disputed Fees, BCBSM engaged in self-dealing, breached its fiduciary duty, committed fraud, and concealed its fraudulent actions from the plaintiffs. *See Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Mich.*, 751 F.3d 740 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 404 (2014).

3

Now before the Court is Plaintiffs' motion to dismiss BCBSM's counterclaims. The motion is fully briefed.[1] Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons follow, the Court will grant Plaintiffs' motion to dismiss BCBSM's counterclaims.

As mentioned, BCBSM seeks through its counterclaims contribution and indemnification from Plaintiffs. As the parties recognize in their respective briefs, there is a circuit split as to whether one ERISA fiduciary may pursue a contribution action against a co-fiduciary. *Compare Kim v. Fujikawa*, 871 F.2d 1427, 1432 (9th Cir. 1989) (rejecting contribution), *and Travelers Cas. & Sur. Co. of Am. v. IADA Servs., Inc.*, 497 F.3d 862, 867 (8th Cir. 2007) (same), *with Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 16 (2d Cir. 1991) (recognizing contribution). Although the Sixth Circuit has acknowledged the circuit split, it has not adopted a position. *See McDannold v. Star Bank, N.A.*, 261 F.3d 478, 485 (6th Cir. 2001). However, to this Court's knowledge, every one of the numerous district courts within the Sixth Circuit to have addressed the issue, including Judge Roberts

---

[1] Plaintiffs' motion and BCBSM's response thereto were filed before the case was stayed and thus before the Sixth Circuit issued its decision affirming Judge Roberts' decision in *Hi-Lex*.

in *Hi-Lex*, has sided with the Eighth and Ninth Circuit view rejecting a right of contribution among ERISA co-fiduciaries.  *See, e.g.*, *Gilbert v. Nat'l Emp. Benefit Cos., Inc.*, 466 F. Supp. 2d 928, 931 (N.D. Ohio 2006); *Toledo Blade Newspaper Unions-Blade Pension Plan v. Inv. Performance Servs.*, LLC, 448 F. Supp. 2d 871, 872 (N.D. Ohio 2006); *May v. Nat'l Bank of Commerce*, 390 F. Supp. 2d 674, 677 (W.D. Tenn. 2004); *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 900 (N.D. Ohio 2003); *Daniels v. Nat'l Emp. Benefit Servs., Inc.*, 877 F. Supp. 1067, 1074 (N.D. Ohio 1995); *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*, Nos. 11-12557, 11-12565, 2013 WL 228097, at *3 (E.D. Mich. Jan. 22, 2013). This Court adopts the view of the other district courts in this circuit.  Therefore, BCBSM's contribution claim is not a viable legal theory and Plaintiffs' motion to dismiss BCBSM's counterclaims must be granted.

Alternatively, even if the Court recognized the right of an ERISA fiduciary to seek contribution from a co-fiduciary, BCBSM would not be entitled to contribution from Plaintiffs in the present case.  Under the body of law that BCBSM argues governs its contribution claim (i.e., traditional trust law), "[a] trustee who commits a breach of trust in bad faith is not entitled to contribution or indemnity from his co-trustee."  Restatement (Second) of Trusts § 258 (1959).  Judge Roberts determined that BCBSM acted in "bad faith" with regard to the Disputed Fees.

5

That finding, which was affirmed by the Sixth Circuit, precludes BCBSM's contribution claim, even if the claim existed.[2]

For these reasons, Plaintiffs' motion to dismiss BCBSM's counterclaims is **GRANTED**.


Dated: July 10, 2015					s/PATRICK J. DUGGAN
							UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[2] In its response brief, BCBSM argues that it did not act in bad faith. *See* BCBSM Resp. to Pls.' Mot. to Dismiss Counterclaims at 18 ("[BCBSM] did not commit any alleged breaches in 'bad faith'"). However, the argument overlooks both Judge Roberts' explicit findings to the contrary in *Hi-Lex*, reached about two months before BCBSM filed its response brief in the present case, and the Sixth Circuit's decision affirming Judge Roberts' findings. Any attempt by BCBSM to argue that the findings in *Hi-Lex* do not apply here is foreclosed by BCBSM's previous argument in connection with its motion to stay that the present case and *Hi-Lex* are "essentially identical" such that "[t]his case's outcome will likely be controlled by the outcome of Blue Cross's appeal in the *Hi-Lex* case." BCBSM Mot. to Stay at 1. BCBSM's attempt to distance itself from *Hi-Lex* now that the case was not resolved in BCBSM's favor is disingenuous in light of its earlier argument that the Sixth Circuit's then-forthcoming decision in *Hi-Lex* would be controlling of this case.